COMMONWEALTH *vs.* DARRELL MITCHELL. No. 98-P-32. April 13, 1999. *Practice, Criminal,* Probation.

On November 5, 1991, the defendant Darrell Mitchell was found guilty in Boston Municipal Court of illegally transferring electronic funds over $100 in value from two named banks. See G. L. c. 167B, § 21. He was sentenced on that day to one year in a house of correction, suspended, with probation for three years to November 2, 1994. Probation was conditioned on the defendant's making restitution of $12,000 during this period.

By November 2, 1994, the defendant had not made full restitution, but the probation officer did not then move to revoke or extend probation. It was not until May 9, 1997, that the probation officer scheduled a probation surrender hearing which took place on September 3, 1997. Thereupon, over objection,

---

[1]The companion case is between the same parties.

the judge entered an order purporting to extend probation on the same condition for a further two-year period to September 1, 1999.[1]

We say "purporting," for on the face of things the order was of dubious validity. We said in *Commonwealth* v. *Ward*, 15 Mass. App. Ct. 388, 391-392 (1983):

> "As [*Commonwealth* v. *Sawicki*, 369 Mass. 377, 380, 383, 384-387 (1975),] makes clear, the court's power to extend or revoke a defendant's probation after the expiration of its original term because of the defendant's failure to comply with one or more of the conditions of his probation . . . during the term turns on whether both the probation officer and the court act with reasonable promptness in light of all the circumstances of the particular case, including the possibility of specific prejudice to the defendant resulting from delay in bringing matters to a head." (Footnote omitted.)

The lapse of time in the present case — two and one-half years before action by the probation officer, nearly three years before action by the judge — betokens a lack of reasonable promptness.[2] As to the circumstances, we learn from the hearing that the probation officer was stirred to action by the happenstance that the defendant had another matter pending in the court at the time. Further, it appeared that the defendant had been and was currently making weekly payments of $46.15 ($2,400 per year) in the way of restitution. There was no dispute that the defendant had had a residence address in the official file and had been within reach of the law throughout.

Our case is the opposite of the situation supposed in *Commonwealth* v. *Baillargeon*, 28 Mass. App. Ct. 16, 20 (1989), where

> "the probationer puts obstacles in the way of the officials who are to surrender him and is himself responsible for delay or contributes materially to it, as where he plays a game of hide and go seek to confound the warrant server. As was recognized in *Sawicki* (at 386-387), this naturally affects the considerations entering into a finding of what is a reasonable time, for the probationer then has himself to blame for the protraction of his reckoning with the law. Such 'prejudice' as befalls him is of his own making. See *Sawicki* at 387."

Given the plain circumstances at bar, we conclude that the judge lacked power to extend the probationary period.

In an extremity, the Commonwealth argues that the result should be otherwise because the defendant, in keeping up weekly installments, was showing no reliance on the official inaction and should not be allowed to point to it as the basis for vacating the judge's order. Enough to say that by such curious reasoning the defendant would be better off if he had wholly disregarded the condition of his probation.

*The order extending probation is vacated.*

---

[1]Additional details of the order need not detain us.

[2]Compare the markedly shorter intervals of time questioned or reckoned as excessive in the *Sawicki* and *Ward* cases. See also the remarks in *Zullo, petitioner*, 420 Mass. 872, 875-876 (1995) (a parole revocation case parallel to *Sawicki* on probation revocation).

*Dean A. Mazzone*, Assistant District Attorney, for the Commonwealth.
*Nadell Hill* for the defendant.