# United States Court of Appeals
## For the First Circuit

No. 03-2409

FELIX MATEO,
Petitioner, Appellee,

v.

UNITED STATES OF AMERICA,
Respondent, Appellant.

No. 03-2472

UNITED STATES OF AMERICA,
Appellant,

v.

FELIX MATEO, a/k/a JOHNNY, a/k/a CHARLIE, a/k/a MANUEL LLUBERES,
Defendant, Appellee.

APPEALS FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Patti B. Saris, U.S. District Judge]

Before
Torruella, Circuit Judge,
Campbell, Senior Circuit Judge,
and Lipez, Circuit Judge.

James M. Fox for petitioner.
Dina Michael Chaitowitz, Assistant U.S. Attorney, with whom
Michael J. Sullivan, United States Attorney, was on brief, for
respondent.

February 18, 2005

**CAMPBELL**, <u>Senior Circuit Judge</u>.  This is an appeal by the United States from the district court's granting of relief to Felix Mateo[1] pursuant to 28 U.S.C. § 2255.  At issue is Mateo's right to obtain a reduced federal sentence following state court orders undermining a state conviction and sentence that had been used to enhance his original federal sentence.

On August 25, 2000, Mateo was sentenced in the United States District Court for the District of Massachusetts on drug-related charges.  In calculating the criminal history component of the Sentencing Guidelines, the district court counted three criminal history points.  The multiplicity of criminal history points resulted from evidence that Mateo had committed the federal offenses while subject to an outstanding state warrant for violation of a probationary sentence imposed for conviction of a Massachusetts narcotics offense.[2]  Five months after the original federal sentence, Mateo obtained an order from a state court judge terminating the state probationary sentence <u>nunc pro tunc</u> to a date

---

[1]The defendant's true name is Johnny Rodriguez, but we will refer to him as "Mateo," the name under which this case has proceeded in the past.

[2]The sentencing court calculated the guideline sentencing range using the Guidelines in effect at the time of sentencing -- the United States Sentencing Guidelines Manual ("USSG") issued on November 1, 1999.  <u>See</u> USSG § 1B1.11(a) (courts are to use "the Guidelines Manual in effect on the date that the defendant is sentenced").  Mateo received one criminal history point for the prior crime pursuant to USSG § 4A1.1(c), and two additional points pursuant to USSG §§ 4A1.1(d) and 4A1.2(m).

prior to the time he had committed the federal offenses of conviction. Armed with the state nunc pro tunc order, Mateo then successfully petitioned the federal district court under 28 U.S.C. § 2255 for a reduction in the federal sentence it had earlier imposed. Additionally -- and before the court below had reduced its earlier sentence -- Mateo further obtained from the state court an order vacating the guilty plea that had been the foundation of the state conviction and probationary sentence used to enhance his federal sentence. Finding Mateo's original guilty plea to have been premised on a constitutionally insufficient colloquy, the state court vacated his guilty plea, ordered a new trial, and filed the charges against Mateo.

The United States now appeals from the district court's reduced sentence calculated on zero rather than three criminal history points. The district court's principal rationale for its reduction -- and the principal subject of the parties' arguments on appeal -- was the state court's nunc pro tunc termination of Mateo's state term of probation, a termination which, the district court believed, deprived the state sentence of its ability to enhance the federal sentence under the Sentencing Guidelines.

This is the third time the parties have appealed to this Court in respect to the sentences in the federal drug case in question. See United States v. Mateo, 271 F.3d 11 (1st Cir. 2001) (Mateo I); Mateo v. United States, 310 F.3d 39 (1st Cir. 2002)

-3-

(Mateo II).  After consideration of the district court's and our prior decisions as well as the state court decisions and other circumstances of this case, we affirm the district court's reduction of its original sentence.  In so doing, however, we do not follow the district court's rationale premised on the state court's nunc pro tunc termination of the term of probation but rather rely on the state court's vacation and filing of the state conviction.  See United States v. Johnson, 952 F.2d 565, 584 (1st Cir. 1991) (considering applicability of Sentencing Guidelines provisions not specifically considered by the district court); Doe v. Anrig, 728 F.2d 30, 32 (1st Cir. 1984) (court of appeals free to affirm based on any ground supported by the record).

## I.  Background

On April 11, 1995, Mateo appeared in West Roxbury District Court, a Massachusetts state court.  The court accepted his plea of admission to sufficient facts and entered a finding of guilty on a charge of distributing heroin.[3]  The state court imposed a suspended sentence, placing Mateo on probation for two

---

[3]Mass. R. Crim. P. 12(a)(2) provides that "[i]n a District Court, a defendant may, after a plea of not guilty, admit to sufficient facts to warrant a finding of guilty."  Under Massachusetts law, an admission to sufficient facts to warrant a finding of guilty is treated as a plea of guilty.  United States v. Morillo, 178 F.3d 18, 21 (1st Cir. 1999); United States v. Hines, 802 F. Supp. 559, 563 (D. Mass. 1992); Luk v. Commonwealth, 658 N.E.2d 664, 667 n. 6 (Mass. 1995); Mass. Gen. Laws ch. 278, § 18.  For ease of reference, Mateo's plea in state court is referred to throughout this opinion as a plea of guilty.

years, a period that would ordinarily have ended on April 11, 1997 had Mateo complied with the terms of his probation.

According to the West Roxbury probation office, Mateo failed after April 3, 1996 to report to probation authorities as required by the terms of the probation. On April 9, 1997, two days before the April 11th end of his probationary period, the probation office sent Mateo a notice, instructing him to report for a compliance hearing. Mateo failed to report for the hearing. On July 14, 1997, the probation office sent Mateo another notice, informing him that he had violated the terms of his probation and instructing him to appear for a surrender hearing on September 9, 1997. Mateo did not appear at the surrender hearing, and the state court thereupon, on the same date, issued a default warrant for his arrest. The warrant remained outstanding until at least January 5, 1999 at which time Mateo was arrested on federal charges and placed in custody.

On January 27, 2000, Mateo pled guilty in federal district court to the various federal drug-related offenses, including conspiracy to possess cocaine base with intent to distribute, in violation of 21 U.S.C. § 846, and distribution of cocaine base, in violation of 21 U.S.C. § 841(a)(1). Mateo's role in the conspiracy commenced in March of 1998 and continued to about January 5, 1999. The distribution offenses occurred on or about March 27, 1998 and on or about January 5, 1999. Mateo's base

offense level was 34. He received a three-level credit for acceptance of responsibility. See USSG § 3E1.1. Because of the quantity of drugs involved, Mateo was subject to a ten-year minimum mandatory sentence. See 21 U.S.C. § 841(b)(1)(A)(iii).

On August 25, 2000, the district court sentenced Mateo to 121 months in prison. In calculating the criminal history component of the Sentencing Guidelines, the district court added one criminal history point for the Massachusetts drug conviction and two additional points based on its finding that Mateo had committed the federal drug offenses while under a criminal justice sentence for that conviction. See USSG § 4A1.1(d). Under the relevant guideline, the addition of two points was mandatory if the offense was committed under "any criminal justice sentence, including probation." Id. A defendant who commits a federal offense "while a violation warrant from a prior [probation] sentence is outstanding . . . shall be deemed to be under a criminal justice sentence if that sentence is otherwise countable, even if that sentence would have expired absent such warrant." Id. § 4A1.2(m); see also id. § 4A1.1(d), cmt. n.4.

The court's finding that the crimes were committed while Mateo was under a criminal justice sentence not only moved Mateo into a higher criminal history category but rendered him ineligible for the "safety valve" provision, USSG § 5C1.2. Mateo had unsuccessfully argued that he should be in a lesser criminal

history category and eligible for the "safety valve" on the ground that the probationary sentence stemming from his prior state court conviction was invalid because the warrant had been illegally issued after the termination date of the probationary period. The district court, in its original sentencing, rejected this reasoning, used the higher criminal history category to fix the guideline sentencing range (121-151 months), and imposed a sentence at the low end of the range. The district court advised Mateo that his sentence was "all without prejudice to [him] getting [his probation violation] warrant vacated in state court."

On September 5, 2000, Mateo filed a notice of appeal to this Court from his foregoing federal sentence. On October 12, 2000, while his appeal here was pending, Mateo filed a motion in state court to vacate his guilty plea in the West Roxbury District Court, arguing, inter alia, that the plea was invalid because the court "accepted his plea without inquiring whether the plea was made intelligently, with full knowledge and understanding of all the elements of the charge against him." Mateo argued that the judge and his attorney never explained the elements of the charge. He asserted that "[he] believed [he] was pleading to simple possession, not possession with intent to distribute."

On December 13, 2000, counsel for Mateo wrote to a probation officer at the West Roxbury District Court:

> I recently represented [Mateo] in a drug prosecution brought in United States District Court. He was

-7-

sentenced to 121 months in prison. If the defendant's probation in the above referenced case had been terminated prior to the date of his federal offense, March 27, 1998, he would have received a sentence of 87 months. The judge who sentenced [Mateo] told me that if I could obtain an order from the West Roxbury Court indicating that probation should have terminated prior to March 27, 1998, the judge will resentence [Mateo] to 87 months. Regardless whether the defendant serves 87 or 121 months he will be deported upon wrapping his federal sentence.[4]

The following day, Mateo filed a motion in state court to terminate his probation nunc pro tunc to April 11, 1997. The argument section of Mateo's motion stated in its entirety:

Argument:

The defendant contends that his probation terminated on April 11, 1997. The probation office did not initiate process to surrender the defendant until July 14, 1997. The defendant had completed probation and the warrant was issued in error. Commonwealth v. Mitchell, 46 Mass. App. Ct. 921, 922 (1999).

In granting the motion, the state judge marked on the face of Mateo's motion papers: "After hearing, the motion is allowed. [Defendant] is found in violation of probation. Probation is terminated nunc pro tunc to April 11, 1997."

_____

[4]This letter does not appear to have been called to the attention of the federal district court during the hearing on Mateo's § 2255 petition. The government has tendered on appeal a certified copy taken from the records in the state-court case. We need not decide if this letter may or should now be considered by us on appeal. See infra. Compare E.I. Du Pont de Nemours & Co. v. Cullen, 791 F.2d 5, 7 (1st Cir. 1986) (court of appeals took judicial notice of complaint filed in state court action), with Eagle-Picher Indus., Inc. v. Liberty Mut. Ins. Co., 682 F.2d 12, 22, n.8 (1st Cir. 1982) (court of appeals "may not ordinarily consider factual material not presented to the court below").

On appeal in this Court (Mateo I), Mateo argued that the state court's nunc pro tunc order meant that he was not on probation when he committed the offenses of conviction, and therefore, he should be resentenced.  This Court rejected his argument for two reasons.  First, the Court was procedurally barred from addressing the nunc pro tunc order because, as the order was issued after the district court imposed its sentence, Mateo "introduced [the matter] for the first time in the court of appeals." Mateo I, 271 F.3d at 15.  Second, "even were [the Court] to consider the nunc pro tunc order, [Mateo] would not be advantaged," because a defendant's criminal history category "is to be calculated at the time of sentencing, and nothing in the sentencing guidelines suggests that it should be modified, after sentence has been pronounced, because of a subsequent action taken by a state court."  Id. (citation omitted).

Mateo then filed a timely petition under 28 U.S.C. § 2255, raising the same argument denied on direct appeal.  The district court denied the petition on the ground that this Court had rejected his argument in Mateo I.  Subsequently, Mateo sought a certificate of appealability, which the district court denied.

Mateo then asked this Court for a certificate of appealability, which our Court granted on November 7, 2002.  Mateo II, 310 F.3d at 42.  This Court explained that it had rejected Mateo's direct appeal because it was based on material that had not

been presented to the district court.  Id. at 40.  We also minimized our comment in Mateo I about the irrelevance of the nunc pro tunc order:

> [T]he main holding in Mateo I does not apply because the state court order now is part of the record.  As for the further comment quoted above--that Mateo would not be advantaged even had we considered the nunc pro tunc order--we think this meant only that the district court had not erred as the record before it stood; the court in Mateo I should not be taken to have decided in a brief comment a very difficult set of substantive issues concerning the consequence of a post-sentencing vacation of a state sentence that affected the federal sentence.

Id.  We vacated the dismissal of Mateo's § 2255 petition and remanded the case to the district court.  Id. at 42-43.

Shortly thereafter, on January 2, 2003, the state court granted "for the reasons stated" Mateo's motion to vacate his guilty plea in the prior state case, effectively vacating Mateo's conviction and expressly ordering a new trial.  (As already indicated, Mateo's motion to vacate his guilty plea was based on the alleged insufficiency of the in-court colloquy prior to acceptance of the plea.)  On April 24, 2003, the court ordered the state charges to be filed without change of plea.

Back in federal court, on remand, the district court held a hearing on the § 2255 motion on March 19, 2003.  During the hearing and in their briefs, neither party mentioned the state court's allowance of Mateo's motion to vacate plea.[5]  On August 12,

_____

[5]Mateo was represented in the federal proceeding by an attorney different from his state court attorney, and the United

-10-

2003, the district court allowed Mateo's § 2255 petition, basing its analysis upon the state court's order terminating Mateo's probation nunc pro tunc to April 11, 1997. See Mateo v. United States, 276 F. Supp. 2d 186 (D. Mass. 2003) (Mateo III). The district court reasoned that a federal sentence enhanced under the Guidelines based on a defendant's state record can be collaterally challenged pursuant to 28 U.S.C. § 2255 when a state court subsequently modifies or invalidates the aspect of the state record that resulted in an enhanced federal sentence. Id. at 190-91. The court explained that, absent exceptional circumstances, a federal court should not look beyond the state-court record, and, therefore, it would not inquire into the correctness of the state order terminating Mateo's probation nunc pro tunc to a time prior to the federal offenses. Id. at 193-94.

On September 30, 2003, the district court held a new sentencing hearing. By the time of this hearing, the state court's vacation of Mateo's guilty plea seems to have become generally known. The presentence report noted that Mateo was being

States, of course, was represented by the United States Attorney rather than by the state prosecutor. This may account for the apparent absence of knowledge by § 2255 counsel of the January 2 vacation of the state conviction. At the end of the hearing on the § 2255 motion, the attorney for the United States stated, "The problem was it was not vacating a conviction." On April 11, 2003, the government filed its memorandum in opposition to the § 2255 petition. The government attached state court records to its opposition. Those records appear not to have been up to date as they did not include any notation of the filing or allowance of the motion to vacate plea.

-11-

resentenced "as a result of his prior [state] conviction being vacated." The district court calculated Mateo's criminal history points (without the prior state conviction or probationary sentence) to be zero, making him eligible for the safety valve reduction. See USSG § 5C1.2(a)(1). The court found Mateo's adjusted offense level (with the safety valve reduction) to be 29, his criminal history category to be I, and his guideline sentencing range to be 87 to 108 months. The court sentenced Mateo to 96 months in prison, reducing his original sentence by 25 months. The United States appealed.

## II. Analysis

The federal Guidelines state that a district court should "[a]dd 2 points if the defendant committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." USSG § 4A1.1(d). And the Guidelines go on to state that "a defendant who commits the instant offense while a violation warrant from a prior sentence is outstanding (e.g., a probation, parole, or supervised release violation warrant) shall be deemed to be under a criminal justice sentence if that sentence is otherwise countable, even if that sentence would have expired absent such warrant." Id. § 4A1.2(m). Here, the federal offenses were all committed between the time a state default warrant for the prior violation of probation had been issued and was outstanding, and the

-12-

time Mateo was returned to custody on the federal charges on January 5, 1999.

Whether Mateo was "under a criminal justice sentence" for purposes of the Sentencing Guidelines is ultimately a question of federal law. See United States v. Carrasco-Mateo, 389 F.3d 239, 246 (1st Cir. 2004); United States v. Martinez-Cortez, 354 F.3d 830, 832 (8th Cir. 2004); Mateo I, 271 F.3d at 15; United States v. Camilo, 71 F.3d 984, 987 (1st Cir. 1995). In Mateo I, this court stated that "in determining whether to add criminal history points under USSG § 4A1.1(d), a sentencing court ordinarily is not required to look beyond the face of the state-court record, but, rather, may give weight to an outstanding warrant without inquiring into the validity of that warrant." 271 F.3d at 16. The Guidelines are clear that the sentencing court should add two criminal history points if the defendant has an outstanding violation warrant at the time he commits a federal offense, even if the underlying sentence would have expired but for the violation. See USSG §§ 4A1.1(d), 4A1.2(m); see also Camilo, 71 F.3d at 986; USSG § 4A1.1(d), cmt. n.4. The Guidelines do not indicate that the violation warrant must affirmatively be proven valid. See, e.g., United States v. Davis, 313 F.3d 1300, 1306 (11th Cir. 2002), cert. denied, 540 U.S. 827 (2003) ("[I]t is not necessary to prove the validity of the underlying warrant before applying § 4A1.1(d)."); United States v. Anderson, 184 F.3d 479, 481 (5th Cir. 1999) ("In

-13-

determining whether an outstanding violation warrant triggers a two-point increase, the Guidelines do not require us to assess the state authorities' diligence in executing a violation warrant."); United States v. Elmore, 108 F.3d 23, 27 (3d Cir. 1997) ("The plain language of the Guidelines indicates that two points are to be added whenever an outstanding warrant is in existence, regardless of whether the warrant is stale pursuant to state law at the time of sentencing, and irrespective of whether state authorities have been lax in attempting to execute the warrant.").

At the time of the original sentencing, therefore, the district court could scarcely have calculated Mateo's criminal history differently than it did. Mateo's probationary sentence for the Massachusetts drug conviction was unquestioned and a state probation violation warrant had been outstanding when Mateo committed the federal offenses. The district court was not required, nor ordinarily permitted, to look beyond the face of the state-court record nor to inquire as to the validity of the state warrant. Mateo I, 271 F.3d at 16. The district court concluded quite properly, therefore, at the initial federal sentencing, that Mateo was "under a criminal justice sentence" when he committed the federal offenses of conviction. See USSG § 4A1.2(m).

The current appeal, however, is from the district court's subsequent granting of § 2255 relief vacating that earlier sentence and reducing to zero Mateo's criminal history points. This was

-14-

done largely in response to the subsequent state court order expressly terminating Mateo's probation <u>nunc pro tunc</u> to April 11, 1997, a time prior to his federal offenses of conviction.  Also, by the time of the habeas action in the district court, Mateo's guilty plea in the relevant state case had been vacated and the state case had itself been placed on file.  We turn now to these subsequent state actions.

## A.   The Relevant State Orders

In reviewing the district court's elimination of the three points based upon the state drug conviction (one point) and the fact that Mateo had committed the federal offenses while under a criminal justice sentence (two points), we need first to sort out the relevance to the federal sentence of the two different state actions: (1) the state court order allowing Mateo's motion to terminate <u>nunc pro tunc</u> his probation to April 11, 1997; and (2) the state court order allowing Mateo's separate motion to vacate his guilty plea to the state charge and for a new trial, followed by the filing of his case.  The latter state court action was noted in the most recent presentence report, which treated Mateo as being now without any prior state conviction.  This fact was the basis of the district court's elimination of the one point added because of the prior state sentence.  <u>See</u> USSG § 4A1.1(c).  The district court eliminated the other two points -- awarded for commission of the instant federal offense while under a criminal justice sentence,

-15-

id. § 4A1.1(d) -- because of the nunc pro tunc termination of probation to April 11, 1997.

Whether or not eliminating the two criminal history points solely because of the state court's nunc pro tunc order was a correct interpretation of the Guidelines, eliminating those points was certainly justified by the state court's vacation of the prior state conviction. The Guidelines make it clear that "[s]entences for expunged convictions," USSG § 4A1.2(j), and "[s]entences resulting from convictions that (A) have been reversed or vacated because of errors of law . . . or (B) have been ruled constitutionally invalid in a prior case are not to be counted [for enhancement purposes]." Id. § 4A1.2, cmt. n.6. Accordingly, while we affirm the district court's resentencing of Mateo so as to eliminate all three criminal history points, we do so because of the vacation of the state conviction rather than because of the state court's allowance of the motion to terminate probation nunc pro tunc. See Johnson, 952 F.2d at 584; Anrig, 728 F.2d at 32. Vacation of the state conviction was an event which, under the Guidelines, called for the reduction, and we think the district court therefore acted properly in imposing the sentence it did.

**B.  The Effect of the State Court's Vacation of Mateo's Criminal Conviction**

As stated above, we focus on the vacation of Mateo's state criminal conviction as supportive of the district court's allowance of § 2255 relief. The state court allowed Mateo's motion

-16-

to vacate his guilty plea on January 2, 2003.  It did so for reasons Mateo had stated in support of his motion, to wit, inter alia, that the court had "accepted his plea without inquiring whether the plea was made intelligently, with full knowledge and understanding of all the elements of the charge against him."

In a not dissimilar situation, where a state court subsequently vacated convictions used to enhance a federal sentence because of the lack of information necessary for defendant's pleas to be considered voluntary, we affirmed a district court judgment granting § 2255 relief.  See United States v. Pettiford, 101 F.3d 199 (1st Cir. 1996) (Aldrich, J.).[6]  While that case involved the use of prior convictions to enhance a sentence under the Armed Career Criminal Act, the underlying principle was the same as

_____

[6]Pettiford supported its conclusion with the Supreme Court's dicta in United States v. Custis, 511 U.S. 485 (1994).  The Custis Court held that a defendant in a federal sentencing proceeding has no right to make a collateral attack on a prior state conviction used to enhance his sentence under the Armed Career Criminal Act, unless the prior state conviction was obtained in violation of his right to counsel.  Id. at 496-97.  But the Custis Court stated in dicta that a defendant who is successful in state court in attacking state sentences "may then apply for reopening of any federal sentence enhanced by the state sentences."  Id. at 497. See also Daniels v. United States, 532 U.S. 374, 382 (2001) (following and amplifying Custis).  The result in Pettiford is similar to that reached by many of the other circuit courts.  See, e.g., United States v. Doe, 239 F.3d 473, 475 (2d Cir. 2001); United States v. Walker, 198 F.3d 811, 813-14 (11th Cir. 1999); Turner v. United States, 183 F.3d 474, 477 (6th Cir. 1999); United States v. LaValle, 175 F.3d 1106, 1108 (9th Cir. 1999); United States v. Bacon, 94 F.3d 158, 161 n.3 (4th Cir. 1996); United States v. Cox, 83 F.3d 336, 339 (10th Cir. 1996); United States v. Nichols, 30 F.3d 35, 36 (5th Cir. 1994).

here.[7]  As noted above, the Guidelines themselves make specific provision for _not_ counting prior sentences resulting from expunged convictions or from convictions reversed or vacated for errors of law or because constitutionally invalid.  See USSG §§ 4A1.2(j), 4A1.2, cmt. n.6.  As discussed in Pettiford, the ground for vacating Mateo's guilty plea and granting him a new trial, thus vacating his conviction, appears to have been a constitutional one.  See Pettiford, 101 F.3d at 202 (characterizing the provision of "the information necessary for [a defendant's] pleas to be considered voluntary" as "a constitutional requirement") (citing Boykin v. Alabama, 395 U.S. 238, 242-43 (1969); United States v. Houlihan, 92 F.3d 1271, 1279 (1st Cir. 1996)).  It was also, of course, an error of law.  Following Pettiford, therefore, relief under § 2255 was warranted.[8]

---

[7]This circuit has extended the main holding in Custis to the Guidelines.  See Brackett v. United States, 270 F.3d 60, 65 (1st Cir. 2001) ("Naturally, the Custis ruling applies whether the sentence enhancement was imposed because of ACCA or because of the Sentencing Guidelines.").  And other courts have applied the Custis dicta to the Guidelines.  See, e.g., Doe, 239 F.3d at 475; LaValle, 175 F.3d at 1108; Candelaria v. United States, 247 F. Supp. 2d 125, 133-34 (D.R.I. 2003); United States v. Cavallero, No. 95-59-P-H, 1999 WL 33117096, at *6 (D. Me. Nov. 17, 1999).

[8]Other courts have held that a state conviction that has been vacated because of the constitutional invalidity of a plea should not be counted for purposes of the Guidelines.  See, e.g., United States v. Mobley, No. 03-6345, 2004 WL 914458, at *2 (4th Cir. Apr. 30, 2004) (vacating denial of § 2255 petition and remanding for resentencing where state conviction that was set aside after federal sentencing based upon constitutional invalidity of guilty plea was "expunged" and should not have been included in calculating criminal history points); LaValle, 175 F.3d at 1108

As in <u>Pettiford</u>, it is immaterial that the relief sought, based on the subsequent state court orders, came after Mateo's original and, when pronounced, perfectly correct, federal sentence. See <u>Pettiford</u>, 101 F.3d at 201 (rejecting the argument that "only past offenses vacated prior to the federal proceeding may be discounted by the court, in effect etching the defendant's criminal history record in stone as of that moment").

It is true that, unlike in <u>Pettiford</u>, two of the three additional points here rested not simply on the fact of the prior conviction itself but, more specifically, on Mateo's having committed federal offenses "while under any criminal justice sentence." See USSG § 4A1.1(d). That requirement was met here because of explicit further Guideline language making commission of an offense while a violation warrant is outstanding tantamount to commission of the offense while under a criminal justice sentence. See <u>id.</u> § 4A1.2(m). To be sure, a policy argument can be made that later vacation of the underlying conviction is irrelevant, as the

_____

(holding that court should have granted § 2255 petition where state conviction used to enhance federal sentence was vacated based on invalidity of plea); <u>United States</u> v. <u>Lopez</u>, No. Crim. 03-302, 2004 WL 2414843, at *2 (D. Minn. Oct. 18, 2004) (finding it impermissible to count state conviction for federal sentencing purposes where guilty plea was withdrawn based on invalidity of plea, finding of guilt was withdrawn, and charge was dismissed). <u>See also</u> <u>Walker</u>, 198 F.3d at 813-14 (affirming allowance of § 2255 motion after defendant successfully attacked prior state conviction used to enhance federal sentence); <u>Candelaria</u>, 247 F. Supp. 2d at 134 (granting § 2255 motion after state conviction, which served as a predicate offense for USSG § 4B1.1 purposes, had been vacated).

-19-

federal offenses were indeed committed while a warrant was outstanding. But any such theory runs counter to limiting language in the Guidelines. The Guidelines deem a defendant to be under a criminal justice sentence if he commits a federal offense "while a violation warrant from a prior sentence is outstanding," but only "if that sentence is otherwise countable." Id. (emphasis added).

Here, no aspect of Mateo's probation sentence can any longer be considered to have been "otherwise countable," since sentences for expunged convictions, or sentences resulting from convictions vacated because of errors of law or ruled constitutionally invalid, are expressly not to be counted for enhancement purposes. Id. §§ 4A1.2(j), 4A1.2, cmt. n.6. See United States v. Dubovsky, 279 F.3d 5, 8 (1st Cir. 2002) (expungement determined "by considering whether the conviction was set aside because of innocence or errors of law"). In contrast, the Guidelines provide that sentences resulting from convictions that have been set aside "for reasons unrelated to innocence or errors of law" should be counted, noting that:

> A number of jurisdictions have various procedures pursuant to which previous conviction may be set aside or the defendant may be pardoned for reasons unrelated to innocence or errors of law, e.g., in order to restore civil rights or to remove the stigma associated with a criminal conviction. Sentences resulting from such convictions are to be counted.

Id. § 4A1.2, cmt. n.10.

-20-

The warrant here rested on Mateo's violation of his sentence of probation. Once the conviction was vacated for constitutional or legal error, the sentence of probation ceased to be countable as a criminal justice sentence. It follows from the Guidelines' express language that the violation warrant itself could no longer be deemed to have been under a criminal justice sentence.[9]

The government argues that, even if there was an error under the Guidelines, that error is not cognizable under 28 U.S.C. § 2255. Section 2255, which governs federal habeas, provides as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed

---

[9]It might be argued that the filing of the state charges render the court's vacation of the conviction non-final. The filing of a case in Massachusetts state court "is not equivalent to a final judgment, or to a nolle prosequi or discontinuance . . . but is a mere suspending of active proceedings in the case . . . and leaves it within the power of the court at any time, upon the motion of either party, to bring the case forward and pass any lawful order or judgment therein." Commonwealth v. Dowdican's Bail, 115 Mass. 133, 136 (1874) (filing of case after verdict of guilty). Nevertheless, what is dispositive for purpose of the Guidelines is not the possibility of a new trial on Mateo's state charges at some point in the future but rather the vacation of the state conviction used to enhance Mateo's federal sentence. Because that state conviction has been vacated, there is no basis to presume that Mateo was "under a criminal justice sentence" as required for enhancement under USSG § 4A1.1(d).

the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255. To be cognizable under § 2255, a non-constitutional claim of a legal error must amount to a "fundamental defect which inherently results in a complete miscarriage of justice." Hill v. United States, 368 U.S. 424, 428 (1962). See also Knight v. United States, 37 F.3d 769, 773-74 (1st Cir. 1994) (leaving open the question whether "an error in the application of the sentencing guidelines could never constitute a 'complete miscarriage of justice'").

Here, the government contends that Mateo's non-constitutional claim, namely, a misapplication of the Guidelines, does not result in a "miscarriage of justice" because any error resulted from Mateo's own failure to comply with the terms of his state probationary sentence. See Jamison v. United States, 244 F.3d 44, 48 (1st Cir. 2001) (counting prior conviction was "not even remotely an injustice" where prior conviction was dismissed only because, "instead of returning for sentencing [after pleading guilty], as he had been ordered to do, [the defendant] fled and thereby initiated a series of delays in his sentencing," which eventually resulted in the dismissal of the indictment).

But because we find that the error was based, not on the state court's nunc pro tunc termination of Mateo's probation but, rather, on the vacation of the state conviction, we examine the latter state ruling to determine whether the error is cognizable

-22-

under § 2255. Unlike the state court <u>nunc pro tunc</u> order which had no stated basis, the state order vacating Mateo's guilty plea and ordering a new trial rested upon the violation of Mateo's right to have entered a voluntary and knowing plea. We have described such a violation as one of constitutional dimension and, in any event, as a claim cognizable under § 2255 on the basis of which a district court may properly reopen a federal sentence. See <u>Pettiford</u>, 101 F.3d at 201 ("[W]hether on constitutional or grounds otherwise subject to collateral attack, we concur with the district court's recognition of federal habeas jurisdiction.").

**C. The State Court <u>Nunc Pro Tunc</u> Order**

As the district court's allowance of the § 2255 motion was consistent with the state's vacation of the state conviction, we find no need to examine the effect of the separate state court order terminating Mateo's probation <u>nunc pro tunc</u> to April 11, 1997. The district court thought it improper to inquire into the legal validity under state law of the <u>nunc pro tunc</u> order. <u>See</u> <u>Mateo III</u>, 276 F. Supp. 2d at 194 (explaining that "absent exceptional circumstances (like a state-court legerdemain with no colorable legal or factual rationale) not present here, this Court will not second-guess a state court's judgment on state criminal law"). However, for purposes of Guidelines analysis, a federal court may and sometimes must, in appropriate circumstances, identify the reason for the state action in order to determine

-23-

whether a prior sentence should be counted. See Carrasco-Mateo, 389 F.3d at 246 (stating that "courts have delved into state law to resolve questions arising in the section 4A1.1(d) context"). As discussed above, the Guidelines direct courts not to count "[s]entences for expunged convictions," USSG § 4A1.2(j), and "[s]entences resulting from convictions that (A) have been reversed or vacated because of errors of law . . . or (B) have been ruled constitutionally invalid in a prior case," id. § 4A1.2, cmt. n.6. In contrast, the Guidelines provide that convictions that have been set aside "for reasons unrelated to innocence or errors of law" should be counted. Id. § 4A1.2, cmt. n.10.

Here, the reason behind the state court order terminating Mateo's probation nunc pro tunc to April 11, 1997 is unstated and unclear. While Mateo argued in his motion to terminate probation that, at the time the probation officer initiated process to surrender him, he had completed probation and the warrant was issued in error, the state court made no finding to this effect and, in particular, made no reference to the status of the warrant under its ruling. Compare Commonwealth v. Sawicki, 339 N.E.2d 740 (Mass. 1975); Commonwealth v. Mitchell, 708 N.E.2d 961 (Mass. App. Ct. 1999). A divided panel of the Eighth Circuit has held that the defendant's successful motion in state court to reduce a probation term from 365 to 364 days "for the express purpose of avoiding a criminal history point in his federal drug sentencing" was not a

-24-

valid basis for not counting his original sentences for criminal history purposes. <u>United States</u> v. <u>Martinez-Cortez</u>, 354 F.3d 830, 831-32 (8th Cir. 2004). In the present case, Mateo's counsel appears to have written a letter to the state probation officer, indicating that Mateo would be resentenced to a more lenient federal sentence if his probation was terminated to a time prior to the federal offenses of conviction. The relevance of this letter to the effect of the <u>nunc pro tunc</u> order, and the sufficiency of the provisions of the <u>nunc pro tunc</u> order themselves as a basis for reduction of the federal Guidelines sentence, give rise to delicate issues we need not address here given the fact that the state court's vacation order amply justifies the district court's judgment. Moreover, it may well be inappropriate for us to take into account the letter to the state probation officer, as the letter was not presented to the district judge. <u>See</u> <u>supra</u> note 4. Hence we do not determine the correctness of the district court's allowance of the § 2255 motion premised on the state court's <u>nunc pro tunc</u> termination of the term of probation.

### III.  Conclusion

We hold that the state court's vacation and filing of the prior state conviction on the ground stated rendered Mateo's federal sentence subject to correction under § 2255 insofar as it was enhanced by the state conviction.

**<u>Affirmed.</u>**