UNITED STATES of America, Plaintiff—Appellee,

v.

Gregoria Ibarra De GARCIA, Defendant—Appellant.

No. 03–50115.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 9, 2005.*

Decided Dec. 19, 2005.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*

Fed. R.App. P. 34(a)(2).

---

Mi Yung Park, AUSA, USSD–Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Todd Hilts, San Diego, CA, for Defendant–Appellant.

Before: BEEZER, HALL, and WARDLAW, Circuit Judges.

## MEMORANDUM **

Gregoria Ibarra de Garcia ("Garcia") appeals her sentence of sixty months imprisonment following her guilty plea for importing more than one hundred kilograms of marijuana in violation of 21 U.S.C. §§ 952, 960.

Garcia first claims she received ineffective assistance of counsel at the time of her plea negotiations because her retained attorney, Mahir Sherif, did not collaterally attack a pre-existing extension of state probation that made her statutorily ineligible for a safety valve departure under U.S.S.G. § 5C1.2. Claims of ineffective assistance of counsel are generally inappropriate on direct appeal. *United States v. McKenna,* 327 F.3d 830, 845 (9th Cir. 2003). Such claims normally should be raised in habeas corpus proceedings, which permit a petitioner to develop a record of what her original counsel did, why it was done, and what prejudice may have resulted. *Id.* There are two situations in which a defendant may bring ineffective assistance of counsel claims on direct review: (1) when the record on appeal is sufficiently developed to permit effective review and resolution of the issue; or (2) when counsel's performance was so inadequate that it obviously violated the Sixth Amendment. *Id.*

Here, Sherif's conduct was not so poor as to constitute an obvious deprivation of Garcia's right to counsel, and the record is insufficient to enable review of Garcia's claim.[1] It cannot be determined from the record what Sherif knew about the state court probation extension or what efforts, if any, he took to investigate it. This lack of information is particularly problematic because it is far from clear whether the *nunc pro tunc* order Garcia claims Sherif should have requested would have had any impact on Garcia's federal sentencing. *See United States v. Hayden,* 255 F.3d 768, 774–75 (9th Cir.2001); *see also Mateo v. United States,* 398 F.3d 126, 136–37 (1st Cir.2005); *United States v. Martinez–Cortez,* 354 F.3d 830, 832 (8th Cir.), *cert. denied,* —— U.S. ——, 125 S.Ct. 291, 160 L.Ed.2d 76 (2004).

Garcia next claims the government acted in bad faith when it refused to file a downward departure motion pursuant to

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

1. Our reasoning is not altered by the fact that Garcia's prior filing of a 28 U.S.C. § 2255 motion seeking to correct her sentence likely forecloses habeas review of her ineffective assistance of counsel claim. *See Moore v. Reno,* 185 F.3d 1054 (9th Cir.1999). A second or successive habeas petition may only be filed under limited circumstances, *see* 28 U.S.C. § 2244(b), none of which appear to be present here.

U.S.S.G. § 5K1.1 even though, she claims, she provided investigators substantial assistance as required by her plea agreement. The district court did not err in finding that the government had good faith motives for declining to move for a § 5K1.1 departure and that whether to make the motion was left entirely to the government's discretion. The plea agreement provides:

> If the United States Attorney's Office decides that Defendant has provided substantial assistance, it may, in its sole discretion, file a motion for a downward departure under § 5K1.1 of the United States Sentencing Guidelines.

The district court correctly concluded that the government had no unconstitutional motivation for declining to make the motion, *see Wade v. United States,* 504 U.S. 181, 185–86, 112 S.Ct. 1840, 118 L.Ed.2d 524 (1992), reasoning that in fact the government made good faith efforts to follow up on the information Garcia provided, even though Garcia presented two inconsistent versions of who had hired her.

Because the record is insufficient to evaluate Garcia's ineffective assistance of counsel claim on direct appeal, and because the district court did not err in finding that the government acted in good faith in refusing to file a downward departure motion, we affirm.

**AFFIRMED.**