# RESCRIPT OPINIONS.

JOSEPH T. DUGGAN, THIRD *vs.* COMMONWEALTH. September 25, 2009. *Supreme Judicial Court,* Superintendence of inferior courts, Appeal from order of single justice.

Joseph T. Duggan, III (petitioner), appeals from a judgment of a single justice of this court denying his petition for relief pursuant to G. L. c. 211, § 3. We affirm.

In 1992, the petitioner pleaded guilty in the Worcester Division of the District Court Department (District Court) to charges of larceny, forgery, and uttering. He was sentenced to five years of probation and ordered to pay $12,600 in restitution. In connection with a separate criminal matter in Federal court, the petitioner was sentenced to a term of incarceration. Following his release from the Federal sentence, he neglected to report to the District Court's probation office or notify the probation office of his new address. On August 25, 1997, the final day of his probation, the petitioner failed to appear in court, as required. In addition, he failed to pay any of the restitution. The petitioner's whereabouts became known to the probation office in 2008 or early 2009, when he was arrested on charges similar to those underlying this case. Thereafter, he was served with a notice of probation violation and hearing. He moved in the District Court to dismiss the probation surrender proceeding on the ground that it was not initiated reasonably promptly. See *Commonwealth* v. *Sawicki,* 369 Mass. 377, 384-385 (1975). His motion was denied. The petitioner then sought relief unsuccessfully in the county court.

The case is before us pursuant to S.J.C. Rule 2:21, as amended, 434 Mass. 1301 (2001). The petitioner has failed to satisfy his burden under that rule of showing the lack of an adequate alternative remedy. "The remedy available through the normal appellate process is adequate." *Epps* v. *Commonwealth,* 419 Mass. 97, 99 (1994). In the event the petitioner is found to have violated the terms of his probation and his probation is revoked or extended, the petitioner may appeal from such orders. See *Commonwealth* v. *Christian,* 429 Mass. 1022, 1022-1023 (1999); *Commonwealth* v. *Mitchell,* 46 Mass. App. Ct. 921, 921-922 (1999). In any such appeal, he may include a challenge to the denial of his motion to dismiss the probation surrender proceeding. See, e.g., *Commonwealth* v. *MacDonald,* 435 Mass. 1005, 1006 (2001); *Commonwealth* v. *Milton,* 427 Mass. 18, 20 (1998); *Commonwealth* v. *Collins,* 31 Mass. App. Ct. 679, 680-681 (1991).[1]

*Judgment affirmed.*

---

[1]Contrary to the petitioner's suggestion, there is no indication in the record before us that the petitioner has already been found in violation of his probation; the record shows merely that the petitioner's motion to dismiss was denied. As mentioned above, if the

The case was submitted on the papers filed, accompanied by a memorandum of law.

*Matthew A. Pingeton* for the petitioner.

---

petitioner had been found in violation of his probation, and his probation had been revoked or extended, he could have appealed from such orders.

