Yeudy VIZCAINO, Petitioner,

v.

UNITED STATES of America,
Respondent.

Criminal No. 10–10366–PBS.

United States District Court,
D. Massachusetts.

Nov. 8, 2013.

Emily O. Cummings, U.S. Attorney's Office, Boston, MA, for Respondent.

### MEMORANDUM AND ORDER

SARIS, Chief Judge.

### I. INTRODUCTION

Petitioner, Yeudy Vizcaino, brings this motion pursuant to 28 U.S.C. § 2255, seeking resentencing on the ground that the predicate conviction used to enhance his sentence under 21 U.S.C. § 851 was subsequently vacated in state court. After hearing, Petitioner's request for relief (Docket No. 45) is **DENIED.**

## II. BACKGROUND

On November 4, 2010, Yeudy Vizcaino was charged with four counts of distribution of 100 grams or more of heroin in violation of 21 U.S.C. § 841(a)(1) and with one count of conspiracy to distribute heroin under 21 U.S.C. § 846. On May 9, 2011, Vizcaino pleaded guilty to all counts of the indictment.

These offenses carry a five year minimum and 40 year maximum term of imprisonment when the defendant has no prior drug convictions. § 841(b)(1)(B). However, if the defendant commits the violation "after a prior conviction for a felony drug offense has become final," the mandatory minimum doubles from 5 to 10 years and the statute provides a maximum of life imprisonment. *Id.* On November 8, 2012, the government filed an information under § 851 to notify Vizcaino that he faced these enhanced penalties based on a 2004 state court conviction for possession of marijuana with intent to distribute.

The Presentence Report ("PSR") calculated Vizcaino's guideline imprisonment range of 262 to 327 months. This calculation was based in part on Vizcaino's classification as a career offender under U.S.S.G. § 4B1.1. The career offender provisions were applicable in this case because: 1) Vizcaino was at least eighteen years old at the time the instant offense of conviction was committed; 2) the instant offense was a felony that was either a crime of violence or a controlled substance offense; and 3) Vizcaino had at least two prior felony convictions of either a crime of violence or an applicable controlled substance offense. U.S.S.G. § 4B1.1(a). At the time of sentencing, Vizcaino's criminal history contained three prior felony convictions of either a crime of violence or a controlled substance offense. These convictions were: 1) resisting arrest; 2) possession of marijuana with the intent to distribute; and 3) larceny from a person.

Under the Sentencing Guidelines, Vizcaino had a criminal history level of VI and an offense level, which is based on the statutory maximum of life, of 37. U.S.S.G. § 4B1.1(b). With a three level reduction pursuant to § 3E1.1 for acceptance of responsibility, which reduced the offense level to 34, Vizcaino's guideline imprisonment range was 262 to 327 months.

If the enhancement under § 851 did not apply, which triggered the statutory maximum of life, Vizcaino's guideline range based on a statutory maximum of forty years would have been reduced to a total offense level of 31. Vizcaino's criminal history category would have remained unchanged. Vizcaino was a career offender regardless of the application of § 851. Moreover, thirteen or more criminal history points establishes a criminal history category of VI. Vizcaino's criminal history points were calculated at 36. This corresponds to a guideline range of 188 to 235 months.

The government recommended a sentence of 188 months, which was based on the government's calculation of the guidelines before the § 851 was filed. On September 8, 2011, this Court sentenced Vizcaino below the guideline range to 144 months of imprisonment (the mandatory minimum was 120 months) to be followed by eight years of supervised release.

On January 6, 2012, Vizcaino's 2004 marijuana distribution conviction was vacated in the Lynn District Court on the constitutional ground that Vizcaino did not knowingly plead guilty to possession with intent to distribute, and thought he was pleading to simple possession. On February 16, 2012, Vizcaino filed this § 2255 motion.

After hearing and review of the filings, the Court *DENIES* Vizcaino's motion for resentencing under § 2255.

### III. DISCUSSION

Vizcaino asserts that the vacatur of his prior conviction entitles him to seek resentencing pursuant to his § 2255 motion. The government counters that Vizcaino is barred from filing a § 2255 motion because the Controlled Substances Act provides the exclusive forum for challenging prior convictions under § 851.

### A. Standard of Review

Under 28 U.S.C. § 2255, a petitioner may seek postconviction relief from his sentence in four instances: if the sentence was imposed (1) in violation of the Constitution or laws of the United States or (2) by a court that lacked jurisdiction, or if the sentence (3) exceeded the statutory maximum or (4) was otherwise subject to collateral attack. 28 U.S.C. § 2255. Courts have allowed petitioners to move for resentencing under § 2255 when a prior conviction has been vacated after the imposition of the federal sentence. *See, e.g., United States v. Pettiford,* 101 F.3d 199, 201 (1st Cir.1996) (holding § 2255 relief was appropriate "whether on constitutional or grounds otherwise subject to collateral attack" where a state court subsequently vacated convictions used to enhance a federal sentence under the Armed Career Criminal Act). *See also Mateo v. United States,* 398 F.3d 126, 136 (1st Cir.2005) (holding that sentence calculated on Sentencing Guideline range based on a state conviction that was vacated was "a claim cognizable under § 2255 on the basis of which a district court may properly reopen a federal sentence") (citing *Pettiford,* 101 F.3d at 201).

### B. Statutory Overview of 21 U.S.C. § 851

In order to seek an enhancement under the Controlled Substances Act, the government must first file an information to establish the prior conviction under 21 U.S.C. § 851(a). The court has no discretion to refuse an enhancement when the information is filed. Instead, after the defendant's conviction but before sentencing, the court must conduct a colloquy, inquiring whether the defendant "affirms or denies that he has been previously convicted as alleged in the information" and informing him that "any challenge to a prior conviction which is not made before sentence is imposed may not thereafter be raised to attack the sentence." § 851(b). If a defendant "denies any allegation of the information of prior conviction, or claims that any conviction alleged is invalid," he must respond in writing to the information. § 851(c)(1). Upon a defendant's challenge to a prior conviction, the court must hold a hearing on "any issues raised by the response which would except the person from increased punishment," at which the government "ha[s] the burden of proof beyond a reasonable doubt on any issue of fact." *Id.* In the event that a defendant claims that a conviction alleged in the information was obtained in violation of the Constitution, he shall "set forth his claim, and the factual basis therefor, with particularity in his response to the information . . . [and] shall have the burden of proof by a preponderance of the evidence on any issue of fact raised by the response." § 851(c)(2).

In addition to setting forth this procedure, § 851(c)(2) also provides that "[a]ny challenge to a prior conviction, not raised by response to the information before an increased sentence is imposed in reliance thereon, shall be waived unless good cause be shown for failure to make a timely

challenge." *Id.* (hereinafter referred to as the "waiver provision"). The section also contains a statute of limitations, providing that: "[n]o person who stands convicted of an offense under this part may challenge the validity of any prior conviction alleged under this section which occurred more than five years before the date of the information alleging such prior conviction." § 851(e).

### C. Competing Interpretations of § 851

Vizcaino's prior conviction was over five years old at the time the information was filed, putting it outside § 851's statute of limitations. The government argues that the waiver provision and the statute of limitations require the Court to interpret § 851's procedures as the exclusive avenue through which defendants may challenge past convictions. Since Vizcaino was barred from challenging his conviction through § 851's procedures, the government argues that he is necessarily barred from filing a motion under § 2255.

Vizcaino argues that the procedures in § 851 govern only challenges raised through the federal sentencing forum, relying on the rationale from a line of Supreme Court cases establishing that § 2255 remains available when a conviction underlying an enhancement under the Armed Career Criminal Act ("ACCA") is invalidated. *See Custis v. United States,* 511 U.S. 485, 497, 114 S.Ct. 1732, 128 L.Ed.2d 517 (1994) (recognizing that while the ACCA did not permit the defendant to use the federal sentencing forum to gain review of his state convictions, he could still "attack his state sentences in Maryland or through federal habeas review.") (internal quotation omitted); *Daniels v. United States,* 532 U.S. 374, 382, 121 S.Ct. 1578, 149 L.Ed.2d 590 (2001) (clarifying that a habeas petition was not the proper

avenue for challenging underlying convictions under the ACCA; instead "the person sentenced may pursue any channels of direct or collateral review still available to challenge his prior conviction.... If any such challenge to the underlying conviction is successful, the defendant may then apply for reopening of his federal sentence.").

Most recently, the Supreme Court stated that "the mandatory enhancement" under the ACCA has not "been read to mean that the validity of a prior conviction supporting an enhanced federal sentence is beyond challenge." *Johnson v. United States,* 544 U.S. 295, 303, 125 S.Ct. 1571, 161 L.Ed.2d 542 (2005). Rather, the Court continued, "[O]ur cases applying these provisions assume the contrary, that a defendant given a sentence enhanced for a prior conviction is entitled to a reduction if the earlier conviction is vacated." *Id.; see also Pettiford,* 101 F.3d at 200 (holding that petitioner was entitled to relief under § 2255 when "all but one of the prior convictions were vacated by the Massachusetts state courts ... on the ground that the ACCA was now inapplicable to the computation").

Vizcaino argues that, likewise, a sentence enhanced under § 851 based on a conviction that was later vacated in state court should be eligible for resentencing under § 2255. The only published circuit court decision on point has adopted an interpretation of § 851 that supports Vizcaino's argument. In *United States v. McChristian,* 47 F.3d 1499 (9th Cir.1995), the defendant successfully challenged a conviction that was outside § 851's statute of limitations in state court after an information was filed but before he was sentenced. The Ninth Circuit held that the defendant was not precluded by § 851 from showing the results of the state court's invalidation of the conviction at sentencing. *Id.* at 1503. In its analysis,

the court interpreted the text of the statute of limitations, preventing the "challenge" of "any prior conviction ... which occurred more than five years before the date of the information", as pertaining only to "full-blown, collateral attack[s] in federal court." *Id.* The court held that a state-court challenge to a predicate conviction that was older than five years was not precluded by the statute. *But see St. Preux v. United States,* 539 Fed.Appx. 946, 948–49, 2013 WL 5302696, at *2 (11th Cir.2013) (distinguishing *McChristian* on the ground that the petitioner "had not obtained any order from the state court, prior to or at the time of his federal sentencing, which indicated that the state conviction had been vacated.")

There is a split in the district courts regarding the right to challenge a § 851 enhancement using a § 2255 motion based on a successful post-sentencing challenge to a state conviction that was time-barred under § 851. In an opinion from this district, the court in *United States v. Roberson,* 684 F.Supp.2d 179, 186 (D.Mass.2010) (O'Toole, J.), held that in order to give effect to the "two rather stark provisions" in the waiver clause and the statute of limitations, the court must read § 851 as precluding relief under § 2255. Specifically, with regard to the waiver provision, the court found that in order to give effect to the words "[a]ny challenge to a prior conviction ... shall be waived," the defendant must be precluded from bringing *any* future challenge to a prior conviction. *Id.* at 186–87. Next, the court found that the language in the statute of limitations was "absolute" and reasoned that "[i]f the limitations provision does not in fact limit challenges, because challenges outside the § 851 procedures are also possible, then the provision serves no purpose." *Id.* In reading these two provisions together, the court held that the petitioner's prior conviction "was not subject to challenge at the

time of his sentencing but rather was conclusively presumed valid by dint of the limitations provision in § 851(e). Moreover, by failing to challenge the validity of the prior conviction prior to sentencing as permitted by the statute, [defendant] waived any subsequent challenge...." *Id.* at 189 (citing § 851(c)(2)).

The only other district court to address this issue, under an identical set of facts, came to the opposite conclusion. In *Clay v. United States,* No. 2:00–CR–0008–RWS–JRS–1, 2009 WL 1657095 (N.D.Ga. June 11, 2009), the court held that a defendant was entitled to resentencing under § 2255 based on the invalidation of his prior state court conviction that was over five years old at the time an information was filed against him. The court in *Clay* endorsed the same argument advanced by Vizcaino, holding that the rationale from the *Custis* line of cases applies to enhancements made under § 851. The court did not find the text of § 851 to be incompatible with that finding.

### D. Statutory Interpretation

■ Under the government's reading of Section 851, the statute would curtail petitioners' ability to bring habeas motions based on successful challenges in state courts to convictions which are time-barred by § 851(e). Such an interpretation would implicate the "longstanding rule requiring a clear statement of congressional intent to repeal habeas jurisdiction", which the Supreme Court emphasized in *I.N.S. v. St. Cyr,* 533 U.S. 289, 289, 121 S.Ct. 2271, 150 L.Ed.2d 347 (2001). "Implications from statutory text or legislative history are not sufficient to repeal habeas jurisdiction; instead, Congress must articulate specific and unambiguous statutory directives to effect a repeal." *Id.* at 299, 121 S.Ct. 2271. Given this framework, the Court must find that the provisions in

§ 851 were clearly intended to repeal habeas relief under § 2255.

■ The Court starts with a reading of the plain language of the relevant provisions. "If the plain language of the statute points unerringly in a single direction, an inquiring court ordinarily should look no further . . . ." *United States v. Hilario,* 218 F.3d 19, 23 (1st Cir.2000) (internal quotation and citation omitted). *See also Connecticut Nat'l Bank v. Germain,* 503 U.S. 249, 253, 112 S.Ct. 1146, 117 L.Ed.2d 391 (1992) (recognition of the plain language of the statute is the "one, cardinal canon before all others" of statutory interpretation). Courts "consider[ ] the language in the context of the whole statutory scheme" when attempting to give effect to the plain meaning of statutory language. *Gen. Motors Corp. v. Darling's,* 444 F.3d 98, 108 (1st Cir.2006).

The plain language of the statute of limitations indisputably prohibits defendants from challenging convictions outside the five year period at the federal sentencing hearing. *See, e.g., United States v. Romero–Carrion,* 54 F.3d 15, 18 (1st Cir. 1995) (holding that court's error in failing to give required colloquy under § 851(b) was harmless, particularly where defendant was "barred from challenging [the] validity" of convictions that had occurred more than five years before the filing of the information). With this in mind, the Court reads the plain language of the waiver provision, which provides that "[a]ny challenge to a prior conviction, not raised by response to the information before an increased sentence is imposed . . . shall be waived . . ." § 851(c)(2). As Merriam–Webster dictionary defines the word, a "waiver" constitutes "the act of intentionally relinquishing or abandoning a known right, claim, or privilege." Merriam Webster Online Dictionary, Nov. 7, 2013, available at: http://www.merriam-webster.com/

dictionary/waiver. Under a plain reading of the waiver provision, then, it can only reasonably be read as applying to challenges that could have been raised but were not. That is, the waiver provision only applies to challenges to convictions that fall within the statute of limitations.

The Court now turns to the question of interpreting the statute of limitations. Under § 851(e), "No person who stands convicted of an offense under this part may challenge the validity of any prior conviction alleged under this section which occurred more than five years before the date of the information alleging such prior conviction." The government asserts that the plain language of this provision bars defendants from ever raising challenges to these convictions, including challenges brought in state court and later raised in a § 2255 petition.

■ This Court concludes that the better reading of § 851 is that the prohibition on raising "challenges" that were over five years old only restricts defendants from raising such challenges within the federal sentencing forum. This interpretation still gives effect to the text of the provision. As the First Circuit has recognized, "[t]he five year limitation [in § 851] on the right to collaterally challenge prior convictions *at sentencing* has a rational basis in light of both the administrative difficulties inherent in challenges to prior convictions, such as lost or destroyed records, unavailable witnesses, and fading memories, and the interest in finality." *United States v. Henderson,* 320 F.3d 92, 104 (1st Cir.2003) (holding § 851(e)'s statute of limitations did not violate defendant's due process or equal protection rights) (emphasis added). Given these administrative concerns, Congress reasonably limits the use of the federal forum to challenge old, time-barred convictions. However, there is no clear statement that such challenges could not

be launched in state court and then used as a basis for a federal habeas motion as *Custis's* last stand.

Even though the statute could fairly be considered ambiguous on this point[1] as the Supreme Court established in *St. Cyr*, this Court is constrained from reading into the statute a restriction on petitioners' habeas rights absent a "clear statement of congressional intent" in the statute's text. Since such a clear statement is missing in this case, the Court finds that Vizcaino is not precluded under the statute of limitations from filing a petition under § 2255.

### E. Resentencing

■ Although Vizcaino is not barred from bringing a § 2255 motion, the Court nevertheless finds that he is not entitled to resentencing. In both *Pettiford* and *Mateo*, motions for resentencing were granted when the underlying conviction had an obvious effect on the petitioner's ultimate sentence. *United States v. Pettiford*, 101 F.3d at 200 (affirming a sentence reduction when all but one of the defendant's nine prior convictions were vacated by state courts and the ACCA was no longer applicable to his sentence); *Mateo v. United States*, 398 F.3d at 127 (affirming a resentencing when the state court vacated a conviction that not only led to an increase under the Sentencing Guidelines, but also rendered defendant ineligible for the "safety valve" and increased his sentence because he committed the federal offense when he was subject to a probation violation warrant for the prior offense).

Unlike the defendants in *Pettiford* and *Mateo*, Vizcaino is not serving an increased sentence based on a now-vacated conviction. Rather, Vizcaino is serving a 144 month sentence, which is lower than both the range that would apply with one qualifying prior drug conviction (262–327 months) and the range that would apply if an information under § 851 was never filed (188–235 months). In this case, the Court, the government and the defendant agreed that the guidelines range resulting from an enhancement under § 851 was greater than necessary to serve the purposes of sentencing. Notably, the government itself calculated the Guidelines without the § 851 and endorsed the 188–235 months guideline range, agreeing that a variance was warranted. Sentencing Hr'g, 3:25–4:6, 8:24–9:7, Sept. 8, 2011. At sentencing, the Court explained its 144 month sentence was based primarily on Vizcaino's extensive criminal history record, which, at 36 criminal history points, was "huge." *Id.* at 18:14–17. The Court specifically noted that "a record this extensive" was rare. *Id.* Because the sentencing record reflects that Vizcaino is not serving an enhanced sentence based on the conviction that was vacated, the Court finds that he is not entitled to a resentencing hearing based on its invalidation because the sentence would not be different. *See Skillman v. United States*, 800 F.Supp.2d 352, 352 (D.Mass. 2011) (holding that a resentencing was not available to a defendant when the sentencing hearing record reflected that he would not have been sentenced differently if an underlying conviction was vacated); *cf. United States v. Teague*, 469 F.3d 205, 210 (1st Cir.2006) (holding that, while the district court had mis-designated the defen-

---

1. A court may resort to "extrinsic aids to statutory construction (such as legislative history)" when the "wording of the statute is freighted with ambiguity." *Matamoros v. Starbucks Corp.*, 699 F.3d 129, 134 (1st Cir. 2012). However, the legislative history of § 851 sheds little light on the intended mean-ing of the statute's language, providing simply that: "This section prescribes the procedure for establishing prior convictions so as to authorize imposition of an increased penalty upon a subsequent conviction." H.R.Rep. No. 91–1444 (1970) (reprinted in 1970 U.S.C.C.A.N. 4566, 4618).

dant a career offender, the error was harmless because the court had otherwise justified the defendant's sentence and made clear that the career offender designation had not mattered at sentencing).

### IV. ORDER

The motion (Docket No. 45) is *DE-NIED.*