[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-15081

_____

D.C. Docket Nos. 5:11-cv-00187-WTH-TBS; 5:06-cr-00029-WTH-TBS-1

CARL ST. PREUX,

Petitioner - Appellant,

versus

UNITED STATES OF AMERICA,

Respondent - Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(September 23, 2013)

Before BARKETT and MARCUS, Circuit Judges, and HUCK,[*] District Judge.

PER CURIAM:

_____

[*] Honorable Paul C. Huck, United States District Judge for the Southern District of Florida, sitting by designation.

Carl St. Preux, presently serving a life sentence following his 2007 federal drug conspiracy conviction for violating 21 U.S.C. §§ 841(a)(1) and (b)(1)(A), appeals from the denial of his 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence.  He argues that he should be re-sentenced because one of his two predicate state convictions which was used to enhance his federal sentence to a mandatory term of life imprisonment under 21 U.S.C. § 851 has now been dismissed by the state court.

The federal statute under which St. Preux was convicted, § 841, requires, in pertinent part, that any person who has "two or more prior convictions for a felony drug offense" must be sentenced to "a mandatory term of life imprisonment without release."  21 U.S.C. § 841(b)(1)(A).  To seek a life sentence against a defendant under § 841(b)(1)(A), the government must file an information pursuant to 21 U.S.C. § 851(a)(1) identifying the prior convictions which it contends support the enhancement.  In St. Preux's case, the government filed an information under § 851 in December 2006 seeking to enhance St. Preux's sentence based on two prior state court drug-related convictions, one from March 1995 and the other from November 1998.  The statute further provides that a defendant has an opportunity, before the court imposes sentence, to deny or challenge the prior convictions, 21 U.S.C. § 851(b), and that any challenge to a prior conviction not raised at the time of sentencing is waived, absent good cause, id. § 851(c)(2).

2

Section 851(e), however, limits the prior convictions that a defendant may challenge to those that occurred within the five years preceding the date the § 851 information is filed.  In other words, the statute does not permit a defendant to challenge prior convictions if they occurred more than five years from the date that the government files its § 851 information.

At St. Preux's federal sentencing in 2007, his trial counsel objected to the use of the 1998 state drug conviction arguing, not that the state conviction had been vacated but rather that it could not be considered a "conviction" for purposes of § 851 because the state court had withheld adjudication.  The district court overruled St. Preux's objection to the use of the 1998 conviction and imposed the mandatory sentence of life imprisonment, which was upheld on appeal, United States v. Dorsey, 414 F. App'x 206 (11th Cir. 2011).

Simultaneous to filing his § 2255 motion in 2011, St. Preux, through counsel, filed a motion in state court seeking "to correct his 1998 conviction as an illegal sentence."  He later supplemented his § 2255 motion with several pieces of documentation from the state court proceedings, including the state court docket which indicated, in a line item entry dated May 12, 2011, that his state court motion to correct his sentence had been granted, a court order dated August 22, 2011, which stated that the charges had been dismissed nunc pro tunc to May 12, 2011 because he successfully completed a drug court pre-trial intervention

3

program, and lastly a state court order dated February 3, 2012, which stated that St. Preux's sentence was <u>void</u> <u>ab</u> <u>initio</u> and that his state court charges should have been dismissed in 1998 when he completed the drug intervention program. However, there is no question that the 1998 state conviction had <u>not</u> been vacated nor that St. Preux had sought to have the state court vacate the1998 conviction at the time he was sentenced in 2007.  Instead, it was not until he filed the instant § 2255 motion that St. Preux pursued the vacation of the 1998 state conviction. Ultimately, the district court denied St. Preux's § 2255 motion.

In a § 2255 proceeding, we review questions of law de novo and factual findings for clear error.  <u>Lynn v. United States</u>, 365 F.3d 1225, 1232 (11th Cir. 2004).  We review de novo the legality of a sentence.  <u>United States v. Cook</u>, 291 F.3d 1297, 1299 n.2. (11th Cir. 2002).

St. Preux first argues that the district court erred in concluding that § 851(e)'s five-year limitations period barred his claim.  It is not disputed that the state conviction at issue occurred in 1998, nearly eight years before the government filed its information in 2006 and that St. Preux had not obtained any order from the state court, prior to or at the time of his federal sentencing, which indicated that the state conviction had been vacated.  Under the plain language of the statute, St. Preux's challenge to the use of his 1998 state conviction as a basis for a federal sentencing enhancement is foreclosed by this time limitation.

4

Moreover, we have previously upheld § 851(e)'s five-year limitation as not unconstitutional, concluding it to be "reasonably tailored to impose enhanced sentences on recidivists." United States v. Williams, 954 F.2d 668, 673 (11th Cir. 1992).

St. Preux relies on the Ninth Circuit's decision in United States v. McChristian, 47 F.3d 1499 (9th Cir. 1995), to argue that the five-year bar does not apply to state convictions that have been vacated. Although the court in McChristian concluded that § 851(e) did not bar the defendant in that case from challenging the use of a more than five-years old prior state conviction that had been vacated, it did so, in part, because the state court had invalidated the defendant's state conviction before the government sought to use it under § 851 to enhance the defendant's federal sentence. 47 F.3d at 1502. Thus, the court reasoned, there was no state court conviction to "challenge" within the meaning of § 851(e) as it no longer existed at the time the government sought to rely on it to enhance the defendant's federal sentence. Id. at 1503. Here, however, St. Preux did not obtain any ruling on the validity of his state court conviction until over four years after his federal sentence had been enhanced to a mandatory life sentence by using the state court conviction. Accordingly, the rationale of the court in McChristian is inapplicable to St. Preux's circumstances.

5

Accordingly, we see no reversible error in the district court's denial of St.

Preux's § 2255 motion.

**AFFIRMED.**