13-1625-cr (L)
United States v. Gabriel

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of April, two thousand fifteen.

PRESENT:  RALPH K. WINTER,
          JOHN M. WALKER, JR.,
          REENA RAGGI,
                    *Circuit Judges.*
------------------------------------------------------------------------
UNITED STATES OF AMERICA,
                    *Appellee*,

                v.                                          13-1625-cr (L),
                                                            13-1655-cr (CON)

LEONARDO GABRIEL, a/k/a Kendry Hernandez, a/k/a
Chique, a/k/a Chicki Ricki,
                    *Defendant-Appellant.*
------------------------------------------------------------------------

FOR APPELLANT:                    Andres Manuel Aranda, Esq., Bronx, New York.

FOR APPELLEE:                     Jessica K. Fender, Brian A. Jacobs, Assistant
                                  United States Attorneys, *for* Preet Bharara,
                                  United States Attorney for the Southern District
                                  of New York, New York, New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (Robert W. Sweet, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on April 12, 2013, is AFFIRMED.

Defendant Leonardo Gabriel stands convicted after guilty pleas to one count of conspiracy to distribute and to possess with intent to distribute at least five kilograms of cocaine, 50 grams of crack cocaine, and one kilogram of heroin, see 21 U.S.C. §§ 841(a)(1), (b)(1)(A), 846; and one count of conspiracy to distribute and to possess with intent to distribute at least 500 grams of cocaine, see 21 U.S.C. §§ 841(a)(1), (b)(1)(B), 846. Sentenced to a statutorily mandated 240-month prison term on the first conspiracy based on the filing of a prior felony information, and a concurrent, mandated 60-month prison term on the second conspiracy, Gabriel argues on appeal that the district court erred in (1) failing to inquire whether he affirmed or denied his prior felony conviction, as required by 21 U.S.C. § 851(b); and (2) finding facts in violation of Alleyne v. United States, 133 S. Ct. 2151 (2013). We assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

1.      Prior Felony Conviction

Gabriel correctly notes the district court's failure to follow procedures set forth in 21 U.S.C. § 851 for ascertaining whether he affirmed or denied the alleged prior felony conviction. But as this court has recognized, a "[f]ailure to adhere to the letter of § 851's

procedures does not automatically invalidate the resulting sentence." United States v. Espinal, 634 F.3d 655, 665 (2d Cir. 2011). Indeed, "there is no reason why non-prejudicial errors in complying with the procedural requirements of § 851 should require reversal." Id.[1] Gabriel demonstrates no such prejudice here.

First, Gabriel has not disputed—either in the district court or on appeal—that he was previously convicted of the underlying felony drug offense. See 21 U.S.C. § 851(b); cf. United States v. Espinal, 634 F.3d at 666–67 (holding that defects in § 851 procedure "potentially affected" court's determination where, among other things, defendant might have filed written response disputing prior conviction if procedures were followed and court may have been unable to find, beyond a reasonable doubt, "that [defendant] was the person convicted" of prior felony). Indeed, the fact of such conviction finds support in (1) Gabriel's signed cooperation agreement, wherein he agreed to affirm the 1998 felony drug conviction at the time of his guilty plea; (2) Gabriel's request for, and procurement of, numerous sentencing adjournments in order to seek vacatur of that prior conviction in state court (which he failed to achieve); and (3) Gabriel's failure to dispute any facts contained in the presentence report, which included the fact of his 1998 conviction for criminal possession of a controlled substance in the second degree, or to contest the resulting Guidelines calculation of a criminal history category of III, which was based in part on that

---

[1] Because Gabriel's argument would fail whether reviewed for harmless error or plain error, we need not decide which standard applies here. See United States v. Espinal, 634 F.3d at 665 n.7 (observing that "[s]ome of our sister circuits have held that only plain error review is available where the defendant has not objected to § 851 procedural deficiencies below," but declining to decide which standard applies).

prior conviction. Moreover, Gabriel could not challenge the validity (as opposed to the fact) of his prior felony conviction because it occurred more than five years before the filing of the prior felony information. See 21 U.S.C. § 851(e) ("No person who stands convicted of an offense under this part may challenge the validity of any prior conviction alleged under this section which occurred more than five years before the date of the information alleging such prior conviction.").

Accordingly, we identify no reversible error in the district court's failure to comply with the procedures set forth in 21 U.S.C. § 851(b).

2. Judicial Fact-Finding

Gabriel further contends that the district court increased his statutory minimum sentence, pursuant to 21 U.S.C. § 841(b)(1)(A), on the basis of impermissible judicial fact-finding about his prior conviction. We disagree. "[W]here a statute provides for an enhanced penalty based on a defendant's prior convictions, the fact of those convictions is a sentencing factor to be determined by the court rather than a jury, and—as far as the Constitution is concerned—sentencing factors can be proved to a judge at sentencing by a preponderance of the evidence." United States v. Espinal, 634 F.3d at 664 (internal quotation marks omitted); see generally Almendarez-Torres v. United States, 523 U.S. 224, 239–47 (1998) (holding that, where statute provides enhanced penalty based on prior conviction, fact of conviction is sentencing factor to be determined by court rather than by jury). Alleyne v. United States, 133 S. Ct. 2151 (2013) is not to the contrary, because the Supreme Court there declined to revisit Almendarez-Torres. See id. at 2160 n.1; accord

4

United States v. Dantzler, 771 F.3d 137, 143 (2d Cir. 2014) (recognizing continued validity of Almendarez-Torres following Alleyne).   Here, as noted above, Gabriel did not dispute the fact of his previous felony drug conviction.   Accordingly, we identify no error in the district court's enhancement of Gabriel's statutory minimum sentence—pursuant to 21 U.S.C. § 841(b)(1)(A)—on that basis.

    3.    Conclusion

We have considered Gabriel's remaining arguments and conclude that they are without merit.   We therefore AFFIRM the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court